UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KEVIN HENAO ARROYAVE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>) 1:26-cv-00093-SDN<br>DERRICK STAMPER, )<br>*Chief Patrol Agent,* )<br>*Houlton Sector, U.S. Border Patrol,* )<br>et al., )<br>)<br>Respondents. ) | |

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On February 24, 2026, Petitioner Kevin Henao Arroyave filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 3.

According to the verified petition, Mr. Henao Arroyave is a noncitizen from Colombia who entered the U.S. in September 2022 and was placed into removal proceedings and ordered removed. ECF Nos. 1 at 1, 2, 1-3. On September 25, 2022, he was released into the United States on his own recognizance, which required a finding that he was not a danger to the public and was likely to appear for future removal proceedings. ECF Nos. 1 at 2, 1-2. He has attended all required Immigration Court hearings since that time. ECF No. 1 at 2. He has no criminal record. *Id*.

Mr. Henao Arroyave applied for and received a valid work permit, and he began working as a truck driver. *Id*. He is the sole source of financial support for his family. *Id*. Mr. Henao Arroyave has serious long-standing medical issues. *See id*. at 1. On his counsel's information and belief, on February 18, 2026, Mr. Henao Arroyave was driving

1

a truck for work when local law enforcement pulled him over for unknown reasons. *Id*. at 3. Thereafter, law enforcement contacted U.S. Border Patrol ("USBP"), who conducted a warrantless arrest of Mr. Henao Arroyave. *See id*. at 3, 7. On February 21, 2026, Mr. Henao Arroyave called his wife, who had not heard from him during this period, from a hospital in Presque Isle, Maine. *Id*. at 3. According to Mr. Henao Arroyave, he had been moved to at least three different facilities since his warrantless arrest and began to cough up blood and experience severe stomach pain. *Id*. At that point, USBP took him to the hospital and medical staff allowed him to call his wife. *Id*. When Mr. Henao Arroyave's wife called back to the hospital late that night, hospital staff informed her that he was no longer at the facility. *Id*.

Mr. Henao Arroyave's family has not heard from him since. U.S. Customs and Border Protection currently holds Petitioner in custody at Fort Fairfield in Maine. ECF No. 5 at 1.

Petitioner seeks, among other remedies, a writ of habeas corpus to compel his immediate release and a declaratory order that his detention is unlawful because he is subject to discretionary detention under 8 U.S.C. § 1226(a). ECF No. 1 at 15.

On February 24, 2026, this Court indefinitely enjoined Respondents from removing Mr. Henao Arroyave from the District of Maine and ordered the Government to show cause as to why his detention is not unlawful. ECF No. 6. In its response, ECF No. 5, the Government asserts it detains Mr. Henao Arroyave under 8 U.S.C. § 1225(b)(2). However, the Government cites no facts or legal arguments to distinguish this case from *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541 (D. Me. Sept. 22, 2025), and *Bermeo Sicha v. Bernal*, No. 1:25-CV-00418, 2025 WL 2494530 (D. Me. Aug. 29, 2025).

The Court concludes Petitioner is a member of the class established in *Guerrero Orellana v. Moniz*, No. 25-CV-12664, 2025 WL 3033769, at *14 (D. Mass. Oct. 30, 2025). Additionally, the Court notes the recent decision in *Maldonado Bautista v. Noem*, No. 25-CV-01873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), which declared *Matter of Yajure Hurtado* void under the Administrative Procedure Act. This voidance removes the primary hurdle to Petitioner's bond eligibility and requires the Immigration Court to provide Mr. Henao Arroyave with a hearing. Consistent with Petitioner's entitlement to relief as a Bond Eligible Class member pursuant to *Guerrero Orellana* and, separately and independently, this Court's own merits rulings regarding Respondents' detention policies under section 1225(b)(2)(A), the Court finds Petitioner's detention without a bond hearing violates the Immigration and Nationality Act. *See Chogllo Chafla*, 2025 WL 2688541.

Accordingly, the Court **GRANTS** the Petitioner's habeas petition and **ORDERS** the Government to release Petitioner from the Fort Fairfield facility on his own recognizance by 5:00 p.m. on February 24, 2026. The Court further **ORDERS** that Petitioner receive an individual bond hearing pursuant to 8 U.S.C. § 1226(a)(2) no earlier than 30 days from this Order, unless Petitioner consents otherwise. The Government is **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner. The Government is further **ENJOINED** from redetaining Petitioner while his bond hearing is pending. The Government is **ORDERED** to file a status report within 45 days of this Order detailing whether the Petitioner has been granted bond, the amount of that bond, and, if denied, the reasons for that denial.

**SO ORDERED.**

Dated this 24th day of February, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

4