UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| KEVIN HENAO ARROYAVE, Petitioner, | ) | |
| v. | ) | 1:26-cv-00093-SDN |
| DERRICK STAMPER, *Chief Patrol Agent, Houlton Sector, U.S. Border Patrol*, et al., Respondents. | ) | |

**ORDER GRANTING MOTION**

**FOR ATTORNEY'S FEES AND EXPENSES**

On February 24, 2026, this Court granted Petitioner Kevin Henao Arroyave's request for issuance of a writ of habeas corpus. ECF No. 7. It held section 8 U.S.C. § 1226(a) governs the detention of Petitioner, a noncitizen who has resided continuously in the United States for more than four years. *Id.* at 3. Mr. Arroyave now timely moves for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), totaling $5,104.33 inclusive of fees litigating the present motion. ECF Nos. 16, 18. For the reasons below, the Court grants Petitioner's motion as it did in previous cases.[1]

[1] A pending appeal to the First Circuit seeks to precisely address this matter. *See Bernardo-Rodrigues v. Hyde*, No. 25-cv-00553, 2026 WL 370863, at *2 (D. Me. Feb. 10, 2026), *appeal docketed,* No. 26-1375 (1st Cir. Apr. 9, 2026).

## ANALYSIS

The EAJA directs a court to award fees, costs, and expenses to the prevailing party in a civil action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The "position of the United States" encompasses both the underlying agency action and the Government's litigation position. *Id.* § 2412(d)(2)(D). The applicant must therefore show (1) it prevailed in the civil action, (2) its application was timely, (3) the Government's position was not substantially justified, and (4) no special circumstances make an award unjust. *Castañeda-Castillo v. Holder*, 723 F.3d 48, 57 (1st Cir. 2013).

Respondents rest their opposition on a single ground: that the Government has not waived sovereign immunity as to fees in immigration habeas proceedings. ECF No. 17 at 2–9. Specifically, the Government contends that a habeas proceeding is not a "civil action" under the EAJA, so it has not waived sovereign immunity from an award of fees in such a proceeding. ECF No. 17 at 1. The Government concedes that this Court has rejected its arguments "in analogous cases in this district," and that it asserts those arguments again only "to preserve its rights on appeal." *Id.*

Indeed, the Court has repeatedly held that habeas petitions challenging immigration detention are "civil action[s]" within the meaning of EAJA. *Ojeda Montoya v. Joyce*, No. 25-CV-00558, 2025 WL 3557777, at *2 (D. Me. Nov. 17, 2025); *Pérez Piña v. Stamper*, No. 25-CV-00509, ECF No. 34, at 6 (D. Me. May 20, 2026); *Bernardo-Rodrigues v. Hyde*, No. 25-CV-00553, 2026 WL 370863, at *2 (D. Me. Feb. 10, 2026). Other district courts within the First Circuit agree. *See, e.g., Orrego Orrego v. Hyde*, 2026 WL 1480362, at *1–2 (D. Mass. May 27, 2026) ("habeas actions are civil actions for the

purposes of EAJA."); *Dos Santos v. Wesling*, No. 26-CV-531, 2026 WL 2837799, at *1 (D.R.I. Sept. 22, 2026). Respondents have not persuaded the Court to depart from that consensus here and the Court therefore GRANTS Petitioner's motion for attorney's fees.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's motion for attorney's fees, ECF No. 16; ECF No. 18, and **ORDERS** the United States to pay attorney's fees in the amount of $5,104.33, in full satisfaction of any and all attorney's fees and expenses under the EAJA in this action.

**SO ORDERED.**

Dated this 9th day of October, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**